Counsel very ably argued this to the jury. We find that this was a strategic move by defense counsel.

The second assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Morgan County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.

*Judgment affirmed.*

HOFFMAN, P.J. and
GWIN, J. Concur.

### In re Shaw
[Cite as 2 AOA 257]

Case No. CA-89-10
Morgan County, (5th)
Decided March 13, 1990

R.C. 120.33
R.C. 2151.28.1
R.C. 2941.51
Juv. R. 4

*For Appellant: Richard L. Ross, Prosecuting Attorney, P.O. Box 388, McConnelsville, Ohio 43756.*

*For Appellee: Donald Wirtshafter, 17 South Court Street, Suite 12, Athens, Ohio 43701.*

SMART, J.

This is an appeal from a judgment of the Court of Common Pleas, Juvenile Division, Morgan County, Ohio, that approved the payment of ordinary and extraordinary guardian *ad litem* fees. Appellant is the Board of Commissioners of Morgan County, Ohio, and the guardian *ad litem* is appellee Donald M. Wirtshafter (appellee).

Appellee was appointed guardian *ad litem* for Charles Shaw, an alleged unruly and delinquent child on April 20, 1988. Two cases concerning this child were pending at the time of appointment. In his brief, the appellee represents that extensive work was required in these cases because of their unique nature; most of the facts that he alleges are outside of the record on this appeal. The appellee ultimately submitted an application for fees in the amount of $6,980 and expenses of $385.25, for a total of $7,365.25. The court entered an order allowing "the standard $300 maximum" as ordinary fees and $7,065.25 in extraordinary fees, because the services in several courts pertaining to "complicated and original issues" warranted the higher amount.

Appellant assigns a single error to the trial court:

### ASSIGNMENT OF ERROR
THE COURT OF COMMON PLEAS OF MORGAN COUNTY, OHIO, JUVENILE DIVISION IS WITHOUT AUTHORITY TO APPROVE A FEE IN EXCESS OF THAT SET IN THE SCHEDULE PASSED BY THE MORGAN COUNTY COMMISSIONERS.

The parties appear to agree, and the trial court's entry corroborates that the maximum fee allowed by the appellant for guardian *ad litem* fees is $300.

Appellant urges that R.C. 120.01 *et seq.*, 2151.01 *et seq.*, and 2941.01 *et seq.* direct that the trial court is without authority to exceed the maximum fee allowed by appellant. In the alternative, if the trial court had any discretion to award a higher amount, this amount is so greatly in excess of the standard fee to be an obvious abuse of discretion.

Appellee responds that Juv. R. 4 and R.C. 2151.281(D) permits the Juvenile Court to set the compensation for guardians *ad litem* and that appellant's reliance on R.C. 2941.51 and 120.33 is misplaced, because those statutes apply to appointments to counsel, not guardians *ad litem*. It is undisputed that appellee was not appointed as counsel for the child, and also that the majority of the services provided by the appellee were in fact legal services.

A guardian *ad litem* need not be an attorney. If the guardian *ad litem* is a licensed attorney, he or she may act both as counsel and as guardian *ad litem*, unless there is a conflict of interest between those two roles, R.C. 2151.281(H).

We find that the trial court erred in ordering payment for extraordinary services, the majority admittedly being legal services, on behalf of this child. When read in *pari materia*, the statutes permit boards of county commissioners to establish fees, and impliedly

prohibit juvenile court judges from exceeding those amounts. To hold otherwise would defeat the statutory purpose, because a judge wishing to avoid the fee schedule could simply appoint an attorney under the title of guardian *ad litem* rather than counsel.

Appellee urges that the fee schedule enacted by appellant is unconstitutional because it does not allow for the exercise of judicial discretion. Appellee cites no authority for this constitutional argument and we know of none. Further, we have no occasion to pass on the constitutionality of these provisions of the Revised Code, *Dupler v. Mansfield News Journal* (1980), 64 Ohio St. 2d 116, at 125.

The assignment of error is sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Morgan County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and not inconsistent with this opinion.

*Judgment reversed,*
*and cause remanded.*

HOFFMAN, P.J. and
GWIN, J. Concur.

■

**State v. Forshey**
*[Cite as 2 AOA 258]*

*Case No. CA-89-7*
*Morgan County, (5th)*
*Decided March 16, 1990*

*R.C. 2947.06.1*
*R.C. 2951.02*

*For Plaintiff-Appellee: Richard L. Ross, Prosecuting Attorney, P.O. Box 388, 70 West Main Street, McConnelsville, Ohio 43756.*

*For Defendant-Appellant: George J. Consenza, 408 Juliana Street, Park Plaza Bldg. Suite 3*

*P.O. Box 2135, Parkersburg, West Virginia 26102.*

HOFFMAN, P.J.

Defendant-Appellant, Rex Alan Forshey, was indicted by the Morgan County Grand Jury on one count of aggravated burglary with a firearm specification and a prior aggravated felony conviction, in violation of R.C. 2911.11; one count of kidnapping with a firearm specification and a prior aggravated felony conviction, in violation of R.C. 2905.01; and one count of felonious assault with a firearm specification and a prior aggravated felony conviction, in violation of R.C. 2903.11. Defendant was in the midst of a two county crime spree which included aggravated burglary, in violation of R.C. 2911.11; escape with a specification as to physical harm to the victim, in violation of R.C. 2921.34; and felonious assault, in violation of R.C. 2903.11, in Washington County. As seen by the judgment entry in Washington County attached to the State's memorandum of law in opposition to court's jurisdiction to grant shock probation filed July 26, 1989, defendant's plea was the result of a two county plea arrangement in which Morgan County dismissed the gun and prior offense specifications in return for the defendant's pleading guilty to the charges in Washington County and to the charges in Morgan County.

In Washington County, defendant was sentenced to 5 to 25 years on aggravated burglary; 8 to 15 years on felonious assault; and 2 to 5 years on escape with all sentences running concurrently except for the escape conviction to run consecutively. On page 5 of the journal entry from Washington County, the assistant prosecuting attorney and defense counsel advised the court that to the best of their knowledge, "the defendant is not eligible for probation." Defendant pled guilty in the Court of Common Pleas of Morgan County, Ohio, on March 11, 1985, to 1) aggravated burglary and received a sentence of 10 to 25 years; 2) kidnapping and received a sentence of 8 to 15 years; and 3) felonious assault and received a sentence of 8 to 15 years. Forshey was represented by the same trial counsel in Morgan County as in Washington County.

Defendant then retained new counsel and filed a motion for "super shock" probation pursuant to R.C. 2947.061(B) on May 31, 1989, which the court overruled on July 28, 1989.